UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE SMITH,

    Petitioner,

vs.         Case No. 2:09-cv-11-FtM-29DNF
          Case No. 2:07-cr-19-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

   This matter comes before the Court on petitioner Lawrence Smith's "A Demand for the Production of Jurisdiction in Personam, To Arrest, Prosecute, Hear, Adjudicate, and Impose Punishment, Pursuant to Title 21, U.S.C. §§ 841(a)(1) and 841(b), or An Order for the Prisoner's Immediate Release, From Il-Legal and Un-Constitutional Imprisonment, Pursuant to Title 28, United States Code, Section 2255" (Cv. Doc. #1; Cr. Doc. #115)[1] filed on January 7, 2009. The United States filed its Response (Cv. Doc. #8), and petitioner thereafter filed a Rebuttal (Cv. Doc. #9) and Status Inquiry (Cv. Doc. #12) containing argument. For the reasons set forth below, the motion is denied.

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

**I.**

On January 17, 2007, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #3) charging that on or about October 20, 2006, in Collier County, Florida, petitioner Lawrence Smith (petitioner or Smith) possessed with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). An arrest warrant was issued the same day and returned executed two days later. (Cr. Docs. ## 4, 9.) Upon his arrest pursuant to the warrant, petitioner appeared before a magistrate judge on January 22, 2007, for an initial appearance and counsel was appointed to represent petitioner. (Cr. Doc. #6.) On January 25, 2007, an arraignment and detention hearing were held, and petitioner was ordered detained pending trial without bail. (Cr. Docs. ##11, 12.)

Petitioner was found guilty by a jury on September 12, 2007. (Cr. Doc. #67.) On January 22, 2008, petitioner was sentenced to 235 months imprisonment, followed by 48 months of supervised release (Cr. Doc. #79). Judgment was entered on January 24, 2008 (Cr. Doc. #80.)

A direct appeal was filed, and on October 16, 2008, the Eleventh Circuit Court of Appeals affirmed petitioner's conviction and sentence (Cr. Doc. #114). Petitioner's timely § 2255 motion was filed on January 7, 2009.

**II.**

Because petitioner is proceeding *pro se*, the Court construes all of his filings liberally. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court resolves petitioner's issues as follows.

**A. Personal Jurisdiction:**

Petitioner argues that a federal district court did not have personal jurisdiction over him because he is an individual and citizen of the Sovereign State of Florida, has never signed any contract with the Attorney General of the United States or the Drug Enforcement Administration agreeing to be obligated by federal law, and that there is no document which gives the federal court such personal jurisdiction. In his Rebuttal, petitioner states his argument in a nutshell as "no contract - no jurisdiction!" (Cv. Doc. #9, pp. 6, 11.) Petitioner relies upon a treatise authored by another federal inmate.

The record conclusively establishes that the district court had personal jurisdiction over petitioner. "A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003)(collecting cases). In this case, petitioner was indicted by a federal grand jury, and brought before the court on a federal arrest warrant. Therefore the court had personal jurisdiction over

petitioner.  No contract by petitioner is necessary, since a defendant's consent is not required.  As <u>United States v. Donelson</u>, No. 08-3008, 2009 WL 1137729, *1 (7th Cir. Apr. 28, 2009) recently stated: "Donelson frivolously argues that the district court did not have personal jurisdiction over him, insisting that he did not consent to the prosecution and that the court does not have jurisdiction over natural persons. But a district court has personal jurisdiction over any defendant who is brought before the court, regardless of whether the defendant consents. <u>See</u> <u>United States v. Marks</u>, 530 F.3d 799, 810 (9th Cir. 2008); <u>United States v. Burke</u>, 425 F.3d 400, 408 (7th Cir. 2005); <u>United States v. Lussier</u>, 929 F.2d 25, 27 (1st Cir. 1991)."

**B.  Subject Matter Jurisdiction:**

Petitioner argues that a federal district court lacks subject matter jurisdiction of the matter, and that 18 U.S.C. § 3231 does not apply.  Petitioner argues that without a binding contract between him and the Attorney General, the court has no jurisdiction to hear and adjudicate his case.

"Subject-matter jurisdiction defines the court's authority to hear a given type of case." <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir.)(quoting <u>United States v. Morton</u>, 467 U.S. 822, 828 (1984)).  The Court decides issues of subject matter jurisdiction. <u>United States v. Tinoco</u>, 304 F.3d 1088, 1111 n.22 (11th Cir. 2002).

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. CONST. art. III, § 1. Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. § 3231. Additionally, Congress has created district courts in each state, including the State of Florida. It has further divided the state into three judicial districts and provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held *inter alia* in Fort Myers. 28 U.S.C. § 89.

The one count in petitioner's Indictment is a drug offense that is against the laws of the United States. 21 U.S.C. § 841(a)(1). Congress has the authority to punish such conduct under Title 21, United States Code, based upon the Commerce Clause. United States v. Lopez, 459 F.2d 949 (5th Cir.), cert. denied, 409 U.S. 878 (1972). The Commerce Clause authority includes the power to criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce. United States v. Bernard, 47 F.3d 1101, 1102 (11th Cir. 1995)(quoting 21 U.S.C. § 801). Therefore, subject matter jurisdiction existed over petitioner's case.

**C. State Case:**

Petitioner asserts that he was initially arrested by the Collier County Sheriff's Office, but that the state officers then

decided to "shop and sell" the case to the federal authorities. Since petitioner's conduct violated federal law as well as state law, the federal government was allowed to prosecute petitioner. Indeed, petitioner could have been prosecuted by both the state and the federal government.

**D.  Amendment to Federal Statute:**

Petitioner argues that the Court fraudulently amended 21 U.S.C. § 841(a)(1) by its oral and written jury instructions. Petitioner argues that § 841 can only be violated if there is a contract between the defendant and the Attorney General, and the jury instructions improperly modified this requirement. Petitioner argues that since the Court told the jury the statute makes it a federal crime for "anyone" to possess a controlled substance, and since this is not literally true, the Court lied to the jury.

Possession with intent to distribute crack cocaine under 21 U.S.C. § 841(a)(1) is proven by evidence of "three elements: (1) knowledge; (2) possession; and (3) intent to distribute." United States v. Mercer, 541 F.3d 1070, 1076 (11th Cir. 2008), cert. denied, 129 S. Ct. 954 (2009).  Nothing in § 841 requires a contract between the defendant and the Attorney General.  Since there was no evidence in this case of any exemption or exception, informing the jury that the statute prohibited anyone from committing the conduct was correct.  E.g., United States v. Miranda, 494 F.2d 783, 788 (5th Cir. 1974).

**E. Sufficiency of Evidence/Legality of Statute:**

Petitioner argues that he was found guilty "of conduct that no federal statute or law makes criminal." (Cv. Doc. #1, p. 6[2].) Similarly, petitioner argues that 21 U.S.C. § 841(a) and (b) "is not a 'law' that can be 'violated' at all, . . ." (Cv. Doc. #1, p. 7), that he has been found guilty "of an offense that no federal criminal statute makes a crime . . .", and that there is no federal law which makes it unlawful for him to possess, manufacture, distribute or dispense a controlled substance (Cv. Doc. #1, p. 17). Petitioner also alleges that he is factually innocent of the offense. (Id.)

Title 21 U.S.C. § 841(a) and (b) clear prohibit the conduct of petitioner, and his arguments to the contrary are simply without merit. The statute is clear, and the evidence believed by the jury was sufficient to support petitioner's conviction. This issue is without merit.

**F. Exemption from Statute:**

Petitioner argues that because § 841(a) begins "except as authorized by this subchapter, . . .", he is exempt from the offenses and penalties of § 841 because § 841(b) punishes any person who violates the authorized activities of their registration. Petitioner argues that "[w]ithout the prosecutor's

---

[2]Page references for petitioner's "A Demand" (Cv. Doc. #1) correspond to petitioner's page numbering and not the docket as the document was filed out of sequence.

introduction of the registration as 'evidence' of a material breach of contract between the registrant and the Attorney General, the court has no jurisdiction to hear and adjudicate the case at bar." (Cv. Doc. #1, p. 11.)

Petitioner's argument is without merit. The United States does not have to negate any exemption or exception set forth in the statute. "It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any . . . indictment, . . . or in any trial, . . . and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit." 21 U.S.C. § 885(a)(1). See also United States v. Steele, 147 F.3d 1316, 1320 (11th Cir. 1998).

**G. Insufficiency of Indictment:**

Petitioner argues that the indictment fails to identify the nature of any crime against any person, place or thing.

In general, an indictment is sufficient if it (1) sets forth the elements of the offense in a manner which fairly informs defendant of the charge he or she must defend, and (2) enables defendant to enter a plea which will bar future prosecution for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Steele, 178 F.3d 1230, 1233 (11th Cir. 1999); United States v. Poirier, 321 F.3d 1024, 1028 (11th Cir. 2003). The Indictment in this case complies with these requirements, and

was not insufficient as a matter of law for any of the reasons stated by petitioner.

Additionally, petitioner has waived this issue by failing to raise the issue of the sufficiency of the Indictment prior to trial. FED. R. CRIM. P. 12(b)(3)(A), (e); United States v. Seher, 562 F.3d 1344, 1359 (11th Cir. 2009).

**H. Fifth and Sixth Amendments:**

Petitioner argues that the entire process violated his due process rights under the Fifth Amendment to the United States Constitution, and violated his Sixth Amendment right to be informed of the nature and cause of the accusation. For the reasons set forth above, the Court has found that the process involved in petitioner's case was not deficient in any respect. Additionally, the Court has found that the Indictment was sufficient to inform petitioner of the nature of the offense. Therefore, this issue is without merit.

Accordingly, it is now

**ORDERED:**

1. Petitioner Lawrence Smith's "A Demand for the Production of Jurisdiction in Personam, To Arrest, Prosecute, Hear, Adjudicate, and Impose Punishment, Pursuant to Title 21, U.S.C. §§ 841(a)(1) and 841(b), or An Order for the Prisoner's Immediate Release, From Il-Legal and Un-Constitutional Imprisonment, Pursuant to Title 28, United States Code, Section 2255" (Cv. Doc. #1; Cr.

Doc. #115) is **DENIED** as to all claims for the reasons set forth above.

    2. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions in the civil file as moot, and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of July, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Lawrence Smith